UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK




-----------------------------------------------------------X

JOSE FUERTES,                                    2013 NOV 20  PM 4: 54

        Plaintiff(s),                    Civil Action No.

       -against-                        COMPLAINT

COUNTY OF NASSAU, NASSAU COUNTY          **JURY TRIAL DEMANDED**
CORRECTIONAL CENTER, NASSAU COUNTY
SHERIFF'S DEPARTMENT, NASSAU COUNTY
POLICE DEPARTMENT, CO MARK ZIMMER in his
official and individual capacity, ACTING SHERIFF
MICHAEL J. SPOSATO in his official and individual
capacity, JAMES L. CAPOZIELLA in his official and
individual capacity, BENJAMIN OKONTA, M.D. in his
official and individual capacity, VINCENT MANITTI,
M.D. in his official and individual capacity, ANIL
KANTH, M.D. in his official and individual capacity,
WANDA EVELYN, NURSE PRACTITIONER in her
official and individual capacity, CAPTAIN FORD in his
official and individual capacity, CORPORAL HUGHES
in his official and individual capacity, and "JOHN
DOES" SHERIFFS AND SUPERVISORS in their
official and individual capacities,

        Defendant(s).
-----------------------------------------------------------X

Plaintiff, JOSE FUERTES, by his attorneys, LAW OFFICE OF PAMELA S. ROTH,

ESQ. P.C., complaining of the Defendants, respectfully sets forth and alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for money damages against COUNTY OF NASSAU, NASSAU

COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT,

NASSAU COUNTY POLICE DEPARTMENT, CO MARK ZIMMER in his official and

individual capacity, ACTING SHERIFF MICHAEL J. SPOSATO in his official and individual

capacity, JAMES L. CAPOZIELLA in his official and individual capacity, BENJAMIN

OKONTA, M.D. in his official and individual capacity, VINCENT MANITTI, M.D. in his official and individual capacity, ANIL KANTH, M.D. in his official and individual capacity, WANDA EVELYN, NURSE PRACTITIONER in her official and individual capacity, CAPTAIN FORD in his official and individual capacity, CORPORAL HUGHES in his official and individual capacity, and "JOHN DOES" SHERIFFS AND SUPERVISORS in their official and individual capacities, for committing acts under color of law and depriving plaintiff of rights secured by the Constitution and laws of the United States and the State of New York. Plaintiff alleges that Defendants unlawfully assaulted, battered, beat, brutalized, intentionally used excessive force against his person while he was wrongfully detained, restrained, handcuffed, deprived of his constitutional rights, intentionally imprisoned, discriminatorily harassed, deprived of needed medical attention, deprived of necessary medical treatment, and were negligent in their failure to prevent the assault and subsequent false imprisonment of plaintiff JOSE FUERTES, negligently failed to provide medical attention and treatment to plaintiff, and were negligent in their failure to prevent the assault of JOSE FUERTES, intentionally and falsely imprisoned plaintiff, all in violation of his constitutional and civil rights, and with great endangerment toward the plaintiff's emotional and physical well-being. Plaintiff further alleges that defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, ACTING SHERIFF MICHAEL J. SPOSATO in his official and individual capacity, JAMES L. CAPOZIELLA in his official and individual capacity, CAPTAIN FORD in his official and individual capacity, CORPORAL HUGHES in his official and individual capacity, and" JOHN DOES" SHERIFFS AND SUPERVISORS were negligent in training, hiring and supervising CO ZIMMER and certain "JOHN DOES" SHERIFFS AND

SUPERVISORS. Moreover, plaintiff alleges that defendants BENJAMIN OKONTA, M.D. in his official and individual capacity, VINCENT MANITTI, M.D. in his official and individual capacity, ANIL KANTH, M.D. in his official and individual capacity, WANDA EVELYN, NURSE PRACTITIONER in her official and individual capacity, and JAMES L. CAPOZIELLA in his official and individual capacity, are liable for depriving plaintiff of his constitutional and civil rights while being held at the NASSAU COUNTY CORRECTIONAL CENTER by failing to properly treat him. Additionally, COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, CO MARK ZIMMER in his official and individual capacity, ACTING SHERIFF MICHAEL J. SPOSATO in his official and individual capacity, JAMES L. CAPOZIELLA in his official and individual capacity, BENJAMIN OKONTA, M.D. in his official and individual capacity, VINCENT MANITTI, M.D. in his official and individual capacity, ANIL KANTH, M.D. in his official and individual capacity, WANDA EVELYN, NURSE PRACTITIONER in her official and individual capacity, CAPTAIN FORD in his official and individual capacity, CORPORAL HUGHES in his official and individual capacity, and "JOHN DOES" SHERIFFS AND SUPERVISORS in their official and individual capacities, are liable to plaintiff JOSE FUERTES for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the defendant correction officers, defendant police officers, defendant sheriffs, and by maliciously fabricating, failing to investigate, abusing process, and assaulting, battering, beating, using excessive force against plaintiff, and repeatedly refusing to provide medical attention and medical treatment to plaintiff while in custody of the defendants. Said failure to reasonably investigate and take appropriate action to protect and secure the rights of plaintiff led to his harm and detriment. The defendant

officers through their misconduct, refusing to conduct the most rudimentary investigation of allegations of abuse against plaintiff, refusing to provide medical treatment to plaintiff, all form part of a pervasive pattern of neglect and callous indifference towards the systematic violations of civil and due process rights among minority persons. This pattern of indifference within the COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, CO MARK ZIMMER in his official and individual capacity, ACTING SHERIFF MICHAEL J. SPOSATO in his official and individual capacity, JAMES L. CAPOZIELLA in his official and individual capacity, BENJAMIN OKONTA, M.D. in his official and individual capacity, VINCENT MANITTI, M.D. in his official and individual capacity, ANIL KANTH, M.D. in his official and individual capacity, WANDA EVELYN, NURSE PRACTITIONER in her official and individual capacity, CAPTAIN FORD in his official and individual capacity, CORPORAL HUGHES in his official and individual capacity, and "JOHN DOES" SHERIFFS AND SUPERVISORS in their official and individual capacities, encourages police officers and correction officers and sheriffs to believe that they can abuse minority members with impunity, and thus foreseeable lead to the use excessive force and denial of medical treatment and intentional infliction of emotional distress leveled against the plaintiff, JOSE FUERTES.

2.      Plaintiff seeks relief for defendants' violation, under color of state law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871. 42 U.S.C. §§ 1983 and 1985, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York.

3.      Plaintiff, JOSE FUERTES, brings this action under 42 U.S.C. §§1983 and 1985 and related state laws seeking compensatory and punitive damages and attorney's fees pursuant to 42

U.S.C. §1988 for the defendants' violation of his rights afforded by the United States and New York Constitution and under the laws of the State of New York.

4.      The plaintiff alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive him of his Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under the color of law and depriving the plaintiff of rights secured by the Constitution and laws of the State of New York.

5.      Plaintiff alleges that defendants discriminatorily harassed, terrorized, beat, assaulted, and were negligent in their failure to prevent the assault and subsequent injuries to plaintiff, JOSE FUERTES, all in violation of his constitutional and civil rights, and with great endangerment towards the plaintiff's emotional and physical well-being.

6.      Plaintiff alleges that defendants intentionally, recklessly, wantonly, and discriminatorily failed to and refused to provide medical treatment to plaintiff and failed prevent the serious and permanent and further injuries to plaintiff, JOSE FUERTES, all in violation of his constitutional and civil rights, and with great endangerment towards the plaintiff's emotional and physical well-being.

7.      Defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, ACTING SHERIFF MICHAEL J. SPOSATO in his official and individual capacity, JAMES L. CAPOZIELLA in his official and individual capacity, CAPTAIN FORD in his official and individual capacity, CORPORAL HUGHES in his official and individual capacity, and "JOHN DOES" SHERIFFS AND SUPERVISORS acting individually and in their official capacities, jointly and severally, did cause plaintiff JOSE FUERTES to be subject to,

inter alia, excessive and unreasonable force resulting in serious physical and mental injuries.

8. Defendants ACTING SHERIFF MICHAEL J. SPOSATO, JAMES L. CAPOZIELLA, CAPTAIN FORD, CORPORAL HUGHES, and "JOHN DOES" SHERIFFS AND SUPERVISORS, being employees of Nassau County and the Nassau County Correctional Center, the Nassau County Police Department and the Nassau County Sheriff's Department violated Plaintiff's Civil Rights, caused him serious personal injuries, emotional harm and economic loss.

9. Defendants ACTING SHERIFF MICHAEL J. SPOSATO, JAMES L. CAPOZIELLA, CAPTAIN FORD, CORPORAL HUGHES, and "JOHN DOES" SHERIFFS AND SUPERVISORS acting individually and in their official capacities, jointly and severally, were grossly negligent in their handling of plaintiff while in custody.

10. Defendants ACTING SHERIFF MICHAEL J. SPOSATO, JAMES L. CAPOZIELLA, CAPTAIN FORD, CORPORAL HUGHES, and "JOHN DOES" SHERIFFS AND SUPERVISORS acting individually and in their official capacities, were grossly and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to interactions with and treatment of plaintiff as descried herein.

11. Plaintiff alleges that defendants ACTING SHERIFF MICHAEL J. SPOSATO, JAMES L. CAPOZIELLA, CAPTAIN FORD, CORPORAL HUGHES, and "JOHN DOES" SHERIFFS AND SUPERVISORS are liable for depriving plaintiff of his constitutional and civil rights while being held at the Nassau County Correctional Center by failing to properly treat him.

12. Additionally, defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, ACTING SHERIFF MICHAEL J. SPOSATO in his

official and individual capacity, JAMES L. CAPOZIELLA in his official and individual capacity, CAPTAIN FORD in his official and individual capacity, CORPORAL HUGHES in his official and individual capacity, and "JOHN DOES" SHERIFFS AND SUPERVISORS acting individually and in their official capacities are liable to the plaintiff for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the defendant correction officers and/or sheriffs, and by maliciously fabricating, failing to investigate, abusing process, assaulting and beating plaintiff and refusing to provide medical treatment to plaintiff.

13.     Said failure to reasonably investigate and take appropriate action to protect and secure the rights of plaintiff led to his harm and detriment.

14.     Said failure to reasonably provide medical care and medical treatment to plaintiff while in custody of said defendants herein, and to take appropriate action to protect and secure the rights of plaintiff led to his harm, detriment and permanent injuries

## JURISDICTION

15.     This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and 1344 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law.

## PARTIES

16.     JOSE FUERTES, is, and at all times covered in the complaint, residing in the State of New York, and is the plaintiff herein.

17.     The defendant COUNTY OF NASSAU (hereinafter "COUNTY") is a duly

constituted municipal corporation of the State of New York and is and was the employer of certain of the unnamed Nassau County sheriffs, CO MARK ZIMMER, ACTING SHERIFF MICHAEL J. SPOSATO, JAMES L. CAPOZIELLA, BENJAMIN OKONTA, M.D., VINCENT MANITTI, M.D., ANIL KANTH, M.D., WANDA EVELYN, NURSE PRACTITIONER, CAPTAIN FORD, CORPORAL HUGHES, and other personnel (John Does Sheriffs and Supervisors).

18.     That defendant NASSAU COUNTY CORRECTIONAL CENTER (hereinafter NCCC) was and is an agency of the COUNTY, and maintained and controlled by the COUNTY, and which was and is a county jail existing by virtue of laws of the State of New York.

19.     That defendant NASSAU COUNTY SHERIFF'S DEPARTMENT (hereinafter "COUNTY SHERIFF") was and is an agency of COUNTY.

20.     That defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter COUNTY POLICE) was and is an agency of COUNTY.

21.     Defendant COUNTY maintained and controlled defendant NASSAU COUNTY CORRECTIONAL CENTER with an address of 100 Carmen Avenue, East Meadow, New York 11554.

22.     That defendant JAMES L. CAPOZIELLA is at all times herein mentioned, an attorney employed by NCCC, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or NCCC, and acting in his individual and official capacity.

23.     That defendant CO MARK ZIMMER is at all times herein mentioned, a police officer employed by the COUNTY POLICE under the direction of the COUNTY and COUNTY POLICE, and was acting in furtherance of the scope of his employment, acting under color of

statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and acting in his individual and official capacity.

24. That defendant ACTING SHERIFF MICHAEL J. SPOSATO is at all times herein mentioned, a sheriff employed by the COUNTY and NCCC under the direction of the COUNTY and NCCC, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY and NCCC, and acting in his individual and official capacity.

25. That defendant CAPTAIN FORD is at all times herein mentioned, a sheriff employed by the COUNTY and NCCC under the direction of the COUNTY and NCCC, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY and NCCC, and acting in his individual and official capacity.

26. That defendant CORPORAL HUGHES is at all times herein mentioned, a sheriff employed by the COUNTY and NCCC under the direction of the COUNTY and NCCC, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY and NCCC, and acting in his individual and official capacity.

27. That defendant BENJAMIN OKONTA, M.D. is at all times herein mentioned, a medical doctor employed by the COUNTY and NCCC under the direction of the COUNTY and NCCC, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY and NCCC, and acting in his individual and official capacity.

28. That defendant VINCENT MANITTI, M.D., is at all times herein mentioned, a

medical doctor employed by the COUNTY and NCCC under the direction of the COUNTY and NCCC, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY and NCCC, and acting in his individual and official capacity.

29.     That defendant ANIL KANTH, M.D., is at all times herein mentioned, a medical doctor employed by the COUNTY and NCCC under the direction of the COUNTY and NCCC, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY and NCCC, and acting in his individual and official capacity.

30.     That defendant WANDA EVELYN, NURSE PRACTITIONER, is at all times herein mentioned, a nurse practitioner employed by the COUNTY and NCCC under the direction of the COUNTY and NCCC, and was acting in furtherance of the scope of her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY and NCCC, and acting in her individual and official capacity.

31.     That defendants "JOHN DOES" Sheriffs and Supervisors were at all times herein mentioned police officers and/or sheriffs, in their individual and official capacities, employed by both the COUNTY and NCCC under the direction of defendants COUNTY and NCCC, and were acting in furtherance of the scope of their employment, acting under color of law, to wit: under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the COUNTY and/or NCCC.

32.     During all ties mentioned in this complaint the defendants were acting under color of law, to wit: under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs, and usages of the State of New York and/or County of Nassau and/or NCCC.

33.     During all times mentioned in this complaint the defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property and ensuring civil order.

34.     Each of the defendants at all times relevant to this action had the power and the duty to restrain the other defendants and prevent them from violating the law and the rights of the plaintiff but each of the defendants failed and refused to perform that duty, failed and refused to restrain the other defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the plaintiff.

## JURY DEMAND

35.     Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment to The United States Constitution and Def. R. Civ. P. 38.

## FACTUAL ALLEGATIONS

36.     On or about November 19, 2010, Plaintiff was treated at Brookdale Hospital for an injury to his right knee and released with a knee immobilizer.

37.     That on or about November 20, 2010, Plaintiff was arrested at 4:00 AM without a warrant within the confines of his residence of 224 Crystal Street, Apartment 1R, Brooklyn, New York by defendant Police Officers JOHN DOE of Nassau County Police Department.

38.     That Plaintiff was then transported to the 2nd Police Precinct in Nassau County

whereby he was handcuffed to a chair and repeatedly assaulted, beaten, battered and kicked approximately 6 to 7 times to his right knee causing further pain and swelling to the right knee.

39.    Plaintiff was then forced to sign a written statement that the injuries he sustained were not caused by the police offices and a statement of admission of his crime, in order for the unidentified Police Officer to stop kicking, beating and assaulting Plaintiff to the right knee.

40.    On or about November 21, 2010, Plaintiff was confined to defendant NCCC and placed on B-2, Tier C, B27 and his crutched were taken away from him leaving him unable to ambulate.

41.    On or about November 21, 2010, Plaintiff was suffering from intense pain and was transported to Nassau County Medical Center where he was examined by medical doctors infirmed he needed to under an MRI to his right knee.

42.    Plaintiff was denied the MRI by and through defendants herein.

43.    Plaintiff was not allowed the use of his crutches ad was informed by defendnats herein to "hop" around the tier.

44.    Plaintiff remained on B-2, Tier C, B27 until he suffered a fall in his cell and reinjured his right knee.

45.    Plaintiff sustained a serious injury to his right knee and was caused to vomit from the pain and was left alone and unattended to laying in a pool of his own vomit on the cell floor for approximately one hour until he was finally transported by defendants JOHN DOES to the medical facility and underwent an x-ray and placed in the Γ-2 medical clinic.

46.    Plaintiff sustained torn ligaments to his right knee while in the custody of defendants.

47.    Plaintiff has been diagnosed as mentally ill and suffers from depression, anxiety

and has been denied his prescription medication.

48.     On or about November 30, 2010, plaintiff's knee immobilizer was removed and taken away from without doctor approval and without consent by Defendant JOHN DOE of NCCC from D-2.

49.     On or about December 3, 2010, Defendant ZIMMER entered plaintiff's room D-2/05 and ordered him to climb on his bed and remove paper which someone had clogged the heat/AC vent.

50.     Plaintiff was caused to fall off the bed and reinjured his right knee and he remained on the floor screaming in pain.

51.     Plaintiff was removed to the medical facility for an x-ray and a MRI of his right knee.

52.     Plaintiff was prescribed pain medication by Defendant WANDA EVELYN which did not reduce and/or alleviate the pain.

53.     On or about December 15, 2010, plaintiff filed a grievance regarding this incident against Defendant ZIMMER.

54.     Following the filing of this grievance, plaintiff was repeatedly harassed, threatened and called racial names and slurs as plaintiff is of Puerto Rican descent by defendants ZIMMER and HUGHES.

55.     On or about January 21, 2011 plaintiff was transported to NUMC for an MRI to his right knee due to the constant pain and difficulty walking.

56.     On or about January 28, 2011, plaintiff received the results of the MRI to his right knee which indictad that he had a complete tear of the ACL and need surgery to reapir the ACL tear.

57.    Plaintiff has been denied the proper medical care and treatment from the date of his incarceration at NCCC and to present.

58.    During the prolonged incarceration at NCCC, Plaintiff JOSE FUERTES suffered from pain, nausea, difficulty walking, difficulty ambulating, headaches, anxiety, sleeplessness, insomnia, swelling to the right knee, nerve damage, and related emotional distress and suffering.

59.    Plaintiff JOSE FUERTES complained, on many occasions to defendants, including the doctors and nurse herein named as defendants , of suffering, pain, nausea, difficulty walking, difficulty ambulating, headaches, anxiety, sleeplessness, insomnia, swelling to the right knee, nerve damage, and related emotional distress.  The doctors and nurses at NCCC failed to prescribe appropriate medications, or to otherwise provide proper and effective treatment and/or assistance for these ailments and injuries, all of which stemmed from the unlawful, unjustified and unreasonable incarceration of plaintiff and the use of excessive force against Plaintiff herein and the unlawful denial of medical treatment to Plaintiff.

60.    Upon information and belief, the defendant doctors and nurses at NCCC completely failed and neglected to provide proper treatment.

61.    Defendants have refused to provide the necessary medical care and treatment and surgery to plaintiff thereby causing him to sustain permanent injuries and permanent nerve damage to his right knee and leg.

62.    Defendants have and continue to fail to provide the necessary medication to Plaintiff in violation of his Constitutional and civil rights.

63.    Defendants have and continue to refuse to provide the necessary medication to Plaintiff in violation of his Constitutional and civil rights.

64.    Defendants have and continue to neglectfully provide the necessary medication to

Plaintiff in violation of his Constitutional and civil rights.

65.    Defendants failed to provide Plaintiff with all his necessary medications and denied his access to medical treatment.

66.    As a result of the Defendants' actions, Plaintiff JOSE FUERTES suffered significant pain, anxiety, emotional distress, mental anguish, loss of quality of life and enjoyment of life, loss of use of his right leg, nerve damage to his right knee, fear, and deprivation of his Constitutional rights and Plaintiff was in severe pain during the time he was in the care and custody of Defendant Nassau County Correctional Center..

## AS AND FOR A FIRST CAUSE OF ACTION

67.    Plaintiff JOSE FUERTES repeats, reiterates and realleges herein by reference to the allegations contained in paragraphs 1 through 66 of this complaint with the same force and effect as though fully set forth herein.

68.    Defendants' reckless and knowing failure to protect Plaintiff demonstrated deliberate indifference and/or willful neglect to Plaintiff's life and safety, thereby violating Plaintiff's due process rights in violation of the Fourteenth Amendment to the United States Constitution.

69.    Defendants' conduct deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment of the United States Constitution and the New York State Constitution.

70.    As a direct and proximate result of the misconduct of Defendants, Plaintiff JOSE FUERTES sustained damages and is entitled to be compensated for same.

## AS AND FOR A SECOND CAUSE OF ACTION

71.     Plaintiff JOSE FUERTES repeats, reiterates and realleges herein by reference to the allegations contained in paragraphs 1 through 70 of this complaint with the same force and effect as though fully set forth herein.

72.     Defendants knew or reasonably should have known that Plaintiff would sustain injuries due to the lack of prescribed pain medication for his right knee.

73.     Defendants were negligent in that Defendants owed Plaintiff a duty of care to protect him from injury, Defendants breached that duty of care and said breach was the proximate cause of the injuries sustained by the Plaintiff JOSE FUERTES.

## AS AND FOR A THIRD CAUSE OF ACTION

74.     Plaintiff JOSE FUERTES repeats, reiterates and realleges herein by reference to the allegations contained in paragraphs 1 through 73 of this complaint with the same force and effect as though fully set forth herein.

75.     Defendants knew or reasonably should have known that Plaintiff would sustain permanent injuries due to the refusal of Defendants to transport Plaintiff for surgery to repair the torn ACL of his right knee following the January 2011 MRI.

76.     Defendants were negligent in that Defendants owed Plaintiff a duty of care to protect him from injury, Defendants breached that duty of care and said breach was the proximate cause of the permanent injuries sustained by the Plaintiff JOSE FUERTES.

## AS AND FOR A FOURTH CAUSE OF ACTION

77.     Plaintiff JOSE FUERTES repeats, reiterates and realleges herein by reference to the allegations contained in paragraphs 1 through 76 of this complaint with the same force and effect as though fully set forth herein.

78.     Defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL

CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, ACTING SHERIFF MICHAEL J. SPOSATO in his official and individual capacity, JAMES L. CAPOZIELLA in his official and individual capacity, CAPTAIN FORD in his official and individual capacity, CORPORAL HUGHES in his official and individual capacity, and "JOHN DOES" SHERIFFS AND SUPERVISORS acting individually and in their official capacities, jointly and severally, departed from the accepted standard of care to a person, more specifically Plaintiff JOSE FUERTES, who was in the care and custody of Defendant NCCC on November 20, 2010 and continuing through February 2011 and for a period of time thereafter.

79. Defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, ACTING SHERIFF MICHAEL J. SPOSATO in his official and individual capacity, JAMES L. CAPOZIELLA in his official and individual capacity, CAPTAIN FORD in his official and individual capacity, CORPORAL HUGHES in his official and individual capacity, and "JOHN DOES" SHERIFFS AND SUPERVISORS acting individually and in their official capacities, jointly and severally, as part of their duties and obligations were required to monitor the Plaintiff JOSE FUERTES's condition and needs, to communicate information to a physician and to prevent injury to the Plaintiff.

80. Defendants COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, NASSAU COUNTY POLICE DEPARTMENT, ACTING SHERIFF MICHAEL J. SPOSATO in his official and individual capacity, JAMES L. CAPOZIELLA in his official and individual capacity, CAPTAIN FORD in his official and individual capacity, CORPORAL HUGHES in his official and individual

capacity, and "JOHN DOES" SHERIFFS AND SUPERVISORS acting individually and in their official capacities, jointly and severally, breached their duties and obligations by failing to prevent the injury to the Plaintiff; negligent monitoring of the Plaintiff's conditions and needs; improper and negligent communication of information to a treating physician or any physician; failing to communicate relevant and specific information about the Plaintiff's conditions to a treating physician; failing to provide medication to the Plaintiff in the manner and format prescribed by the hospital physician.

81.     Defendants are liable for the injuries that resulted therefrom.

### AS AND FOR A FIFTH CAUSE OF ACTION

82.     Plaintiff JOSE FUERTES repeats, reiterates and realleges herein by reference to the allegations contained in paragraphs 1 through 81 of this complaint with the same force and effect as though fully set forth herein.

83.     Defendants COUNTY and NCCC acting under color of state law, have permitted, tolerated and been deliberately indifferent to a pattern and practice of inadequate medical care and maltreatment.  This tolerance constitutes a municipal policy, practice or custom and led to the injuries sustained by the Plaintiff JOSE FUERTES.

84.     By permitting, tolerating and sanctioning a persistent and widespread policy, practice and custom pursuant to which caused Plaintiff JOSE FUERTES serious, permanent and significant injuries, Defendants have deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. §1983, including but not limited to rights guaranteed under the Fourteenth Amendment.

85.     Defendants failed to protect Plaintiff from the acts complained of, failed to provide proper training and supervision of the employees, agents and servants of Defendant

COUNTY and NCCC, failed to provide adequate medical care, training and supervision, failed to provide adequate and appropriate medical personnel.

86.     As a direct and proximate result of the policy, practice and custom detailed above, Plaintiff JOSE FUERTES sustained the damages hereinbefore alleged.

87.     Defendants have damaged Plaintiff by their failure to properly train, supervise, discipline, review, remove or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases.

88.     Defendant promulgates and implements policies, including those with respect to the duty of employees to take reasonable measures to guarantee the safety of inmates. In addition, Defendant is aware of and tolerates certain practices by employees in the jails, including those that are inconsistent with formal policy.

89.     As a result of all of Defendants' violation of Plaintiff's constitutional rights, Plaintiff JOSE FUERTES, suffered serious and severe permanent injuries, nerve damage to his right leg, nerve damage to his right knee, a complete tear of the right ACL, inability to ambulate, emotional distress, anxiety, loss of enjoyment of life, severe pain, loss of sleep, and other personal injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. SECTION 1985(3)

90.     Plaintiff JOSE FUERTES repeats, reiterates and realleges herein by reference to the allegations contained in paragraphs 1 through 89 of this complaint with the same force and effect as though fully set forth herein.

91.     The defendants are liable under 42 U.S.C. §1985(3) for conspiring to violate plaintiff's rights guaranteed by the aforementioned amendments to the constitution.

92.     The aforementioned defendant officers conspired, planned and agreed to treat

plaintiff in the manner previously described for the purpose of depriving him, either directly or indirectly, of equal protection of the laws and/or of equal privileges and immunities under the United States Constitution and the New York Constitution.

93.     The actions and conduct taken against the plaintiff was done in furtherance of their conspiracy.

94.     As a result the plaintiff suffered physical injury, emotional harm, was subject to cruel and unusual punishment in violation of the 8th Amendment and was deprived of his constitutional rights as previously described.

95.     The defendants' conspiracy was motivated by plaintiff's race.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### FOR FAILURE TO INTERVENE-FOURTH AMENDMENT-42 U.S.C. §1983

96.     Plaintiff JOSE FUERTES repeats, reiterates and realleges herein by reference to the allegations contained in paragraphs 1 through 95 of this complaint with the same force and effect as though fully set forth herein.

97.     Defendants Nassau County, Nassau County Correctional Center, Nassau County Police Department and Nassau County Sheriff's Department have an affirmative duty to access the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Nassau County Correctional Center and Nassau County Sheriff's Department employing unjustified and excessive force against a civilian or an arrestee.

98.     "John Does" Sheriffs and Supervisors yet to be identified were present while the plaintiff was unjustifiably beaten and assaulted.

99.     The use of force against the plaintiff was obviously excessive and unjustified under the circumstances yet the other officers present filed to take any action or make an effort to

intervene, halt or protect the plaintiff from being beaten and assaulted.

100. Defendants' violation of plaintiff's constitutional rights by failing to intervene in the clearly unconstitutional use of force against the plaintiff resulted in the injuries and damages set forth above.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## NEW YORK STATE CONSTITUTIONAL VIOLATIONS

101. Plaintiff JOSE FUERTES repeats and reiterates all of the allegations contained in the preceding paragraphs 1 through 100 as if fully set forth herein.

102. The aforementioned conduct of the named and unnamed officers and sheriffs violated the protections guaranteed to the plaintiff by the New York State Constitution, Article 1, Sections 6, 8, 11 and 12 including but not limited to the right to be free from unreasonable seizure of their person, including excessive force.

103. Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages suffered by the plaintiff.

## AS AND FOR AN NINTH CAUSE OF ACTION
## NEGLIGENCE

104. Plaintiff JOSE FUERTES repeats and reiterates all of the allegations contained in the preceding paragraphs 1 through 103 as if fully set forth herein.

105. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in the care and treatment given to the plaintiff during his incarceration.

106. The individual defendants by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts, file to perform their duties as a reasonably prudent and careful officer, sheriff and/or supervisor would have done under similar circumstances.

107.    The negligent actions of the individual defendants directly and proximately caused plaintiff's injuries and damages as set forth above.

## AS AND FOR AN TENTH CAUSE OF ACTION
## NEGLIGENT RETENTION AND HIRING

108.    Plaintiff JOSE FUERTES repeats and reiterates all of the allegations contained in the preceding paragraphs 1 through 107 as if fully set forth herein.

109.    The aforesaid occurrences took place by reason of the defendants NASSAU COUNTY, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY  POLICE DEPARTMENT and NASSAU COUNTY SHERIFF'S DEPARTMENT's negligent training of the aforesaid defendants officers and sheriffs and JOHN DOES SHERIFFS and SUPERVISORS.

110.    The aforesaid occurrences took place by reason of the NASSAU COUNTY, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY SHERIFF'S DEPARTMENT's negligent hiring and retention of the aforesaid Defendants and JOHN DOES SHERIFFS and SUPERVISORS.

111.    The aforesaid occurrences took place by reason of the NASSAU COUNTY, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY POLICE DEPARTMENT ad NASSAU COUNTY SHERIFF'S DEPARTMENT defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who were abusive or who acted intentionally and/or recklessly toward the public.

112.    By reason of the foregoing the plaintiff was seriously injured.

113.    The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining the individually named defendants in that said

individual named defendants were or should have been known to be employees who abused and misused their position, who were abusive, or who acted intentionally and/or recklessly toward the public.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114.    Plaintiff JOSE FUERTES repeats and reiterates all of the allegations contained in the preceding paragraphs 1 through 113 as if fully set forth herein.

115.    The actions of the defendants in assaulting and battering the plaintiff were outrageous and beyond any norms acceptable to society.

116.    Defendants acted with the desire and intent to cause plaintiff emotional distress, or acted under circumstances known to them which made it substantially certain that they would cause such emotional distress.

117.    Defendants acted with utter disregard of the consequences of their actions.

118.    As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

## AS AND FOR AN TWELFTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR

119.    Plaintiff JOSE FUERTES repeats and reiterates all of the allegations contained in the preceding paragraphs 1 through 118 as if fully set forth herein.

120.    Defendants NASSAU COUNTY, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY SHERIFF'S DEPARTMENT are vicariously responsible for the actions of the individual defendants under the doctrine of Respondeat Superior.

## PUNITIVE DAMAGES

121.    Plaintiff JOSE FUERTES repeats and reiterates all of the allegations contained in the preceding paragraphs 1 through 120 as if fully set forth herein.

122.    Plaintiff will be seeking punitive damages against each of the named defendants herein and John Does Sheriffs and Supervisors acting individually and in their official capacities, jointly and severally, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY CORRECTIONAL CENTER, and the NASSAU COUNTY SHERIFF'S DEPARTMENT.

**WHEREFORE,** based upon all of the above, Plaintiff JOSE FUERTES demands the following relief jointly and severally against all defendants:

(a) A declaration that Defendants violated Plaintiff's Federal Civil Rights;

(b) Compensatory damages to Plaintiff against the Defendants, jointly and severally, for the physical and emotional injuries suffered by plaintiff by reason of the defendants unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial to be determined by a jury;

(c) Punitive damages to Plaintiff against the Defendants, jointly and severally, in an amount to be determined by a jury;

(d) Award costs and disbursements of this action to Plaintiff;

(e) Award attorney's fees pursuant to 42 U.S.C. § 1988, and costs to Plaintiff;

(f) Award such other and further relief as this Court may deem just and proper.

Plaintiff hereby demands a jury trial.


Dated: Brooklyn, New York
       November 2, 2013

Pamela S. Roth

Pamela S. Roth, Esq. P.C. (PR7124)
Attorney for Plaintiff
Jose Fuertes
9118 Fifth Avenue
Brooklyn, New York 11209
(718) 836-9118